UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JEREMY B.,

                    Plaintiff,

    v.                                             6:21-CV-903
                                                   (GTS/DJS)
COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
_____

**APPEARANCES:**                             **OF COUNSEL:**

OFFICE OF PETER W. ANTONOWICZ     PETER W. ANTONOWICZ, ESQ.
Attorney for Plaintiff
148 West Dominick Street
Rome, New York 13440

U.S. SOCIAL SECURITY ADMIN.          HUGH DUN RAPPAPORT, ESQ.
Attorney for Defendant
6401 Security Boulevard
Baltimore, Maryland 21235

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION AND ORDER[1]

    Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled. Dkt. No. 1. Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings

---

[1] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 13 & 18. For the reasons set forth below, it is recommended that Plaintiff's Motion for Judgment on the Pleadings be denied and Defendant's Motion be granted.

## I. RELEVANT BACKGROUND.

### A. Procedural History

Plaintiff was born in 1985. Dkt. No. 10, Admin. Tr. ("Tr."), p. 70. Plaintiff reported completing high school. Tr. at p. 42. He has past work experience as a factory worker, fast food worker, and garbage collector. Tr. at pp. 21 & 101. Plaintiff applied for disability and disability insurance benefits, as well as supplemental security income on January 16, 2019. Tr. at pp. 70-71. Plaintiff alleges disability based upon a number of medical conditions including, neuropathy, back injury, bipolar disorder, depression, post-traumatic stress disorder, muscular atrophy, Barrett's esophagus, pelvis injury, carpal tunnel, and anxiety. Tr. at p. 73. He alleged a disability onset date of June 22, 2018. *Id.* Plaintiff's applications were initially denied on April 12, 2019. Tr. at pp. 174-178. Reconsideration was denied. Tr. at p. 183-198. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at pp. 199-200. An administrative hearing was held on November 10, 2020, at which Plaintiff and a vocational expert testified. Tr. at pp. 37-69. On November 20, 2020, ALJ David Romeo issued a decision finding that Plaintiff was not disabled. Tr. at pp. 10-22. On July 7, 2021, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-6.

1

## B. The ALJ's Decision

In his decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2023, and that he had not engaged in substantial gainful activity since his alleged onset date. Tr. at p. 12. Second, the ALJ found that Plaintiff had the following severe impairments: "bilateral carpal tunnel syndrome (post right side release surgery), hereditary neuropathy with liability to pressure palsies (HNPP), sciatica/chronic back pain, depressive disorder, anxiety disorder, and post-traumatic stress disorder." Tr. at p. 13. Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at p. 14. Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work with these limitations:

> he can occasionally climb ramps and stairs, but can never climb ropes, ladders or scaffolds, he can occasionally balance, stoop, kneel, crouch, and crawl, and can frequent [sic] reach, handle, finger and feel with the right upper extremity and occasionally with the left upper extremity. He can tolerate a low level of work pressure defined as work not requiring multitasking, detailed job tasks, significant independent judgment, very short deadlines, teamwork in completing job tasks, or more than occasional changes in the work setting. He requires ready access to a restroom, but the need to use the restroom can be accommodated by the 15-minute morning and afternoon breaks and the 30-minute lunch period.

Tr. at p. 16. Fifth, the ALJ found that Plaintiff could not perform his past relevant work. Tr. at p. 21. Sixth, the ALJ found that based upon Plaintiff's age, education, and

functional abilities there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform. Tr. at pp. 21-22. The ALJ, therefore, concluded that Plaintiff is not disabled. Tr. at p. 22.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

3

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is

whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

#### A. Evaluation of the Medical Record

Plaintiff's first ground for review is his claim that the ALJ failed to accurately address the medical record. Pl.'s Mem. of Law at pp. 12-17. More specifically, Plaintiff alleges that the ALJ either misstated or failed to address aspects of the objective medical evidence. *Id.* Having reviewed the record and the arguments of the parties, the Court recommends that this claim not be a basis for reversal.

First, insofar as Plaintiff generally alleges that the ALJ failed to specifically discuss certain portions of the medical record, *see id.* at p. 17, that argument is

5

sufficiently addressed by pointing out that there is "no obligation for the ALJ to discuss every piece of evidence contained in the record." *LaRock ex rel. M.K. v. Astrue*, 2011 WL 1882292, at *6 (N.D.N.Y. Apr. 29, 2011), *report and recommendation adopted sub nom. LaRock v. Astrue*, 2011 WL 1883045 (N.D.N.Y. May 17, 2011).

Second, Plaintiff objects to the ALJ's statement that "[a] diagnosis of chronic inflammatory demyelinating polyneuropathy (CIDP) was excluded." Tr. at p. 17; Pl.'s Mem. of Law at pp. 13-15. Plaintiff contends that the record does not confirm this assertion and cites to various portions of the medical record that he maintains support a finding that he suffered from CIDP. *Id.* In support of his statement, the ALJ cited records from an August 9, 2018 neurology appointment which noted that Plaintiff's "EMG, history and exam are not consistent with CIDP." Tr. at p. 558; *see also* Tr. at p. 17. The entry cited by the ALJ does not use the term excluded and Plaintiff accurately notes that Dr. Stanton used less definitive language advising Plaintiff that he did not "think you have CIDP." Tr. at p. 560. The record relied upon by the ALJ nonetheless clearly provided substantial evidence for a conclusion that Plaintiff was not suffering from CIDP. *See also* Tr. at p. 557 (noting diagnostic impression of hereditary neuropathy). Given that conclusion, there was no need, contrary to Plaintiff's arguments now, to discuss the differences between CIDP and the actual diagnosis made by Dr. Stanton, a hereditary neuropathy. *Id.* Insofar as Dr. Stanton's conclusion differed from that of other medical providers, *see* Pl.'s Mem. of Law at p. 14 (citing medical records), that was a dispute about the record for the ALJ to resolve. "It was within the ALJ's

purview to review all the evidence before him, resolving any inconsistencies therein, and making a determination consistent with the evidence as a whole." *Giovanna K. v. Comm'r of Soc. Sec.*, 2019 WL 2088062, at *5 (N.D.N.Y. May 13, 2019).

Third, Plaintiff contends that the ALJ ignored medical findings regarding carpal tunnel syndrome following surgery aimed at addressing that condition. Pl.'s Mem. of Law at pp. 15-16. Plaintiff maintains that carpal tunnel impacted his arms and legs. *Id.* at p. 16. It is unclear how Plaintiff contends that the ALJ ignored these findings given the ALJ's Step Two conclusion that one of the severe impairments Plaintiff suffered from was "bilateral carpal tunnel syndrome (*post right side release surgery*)." Tr. at p. 13 (emphasis added). Plaintiff's RFC also specifically included limitations involving both his hands and legs. Tr. at p. 16.

Finally, Plaintiff contends that the ALJ did not address objective medical findings supporting Plaintiff's allegations of back pain. Pl.'s Mem. of Law at pp. 16-17. This assertion is factually inaccurate. The ALJ found Plaintiff to suffer from the severe impairment of "sciatica/chronic back pain." Tr. at p. 13. The RFC imposed limitations on Plaintiff's functional abilities that, in part, clearly address that back pain. *See, e.g.*, *Christopher G. v. Comm'r of Soc. Sec.*, 2021 WL 3292199, at *4 (W.D.N.Y. Aug. 2, 2021) (noting RFC limitations similar to those here).

The record demonstrates that the ALJ accurately reviewed the medical record. While Plaintiff believes that review should have resulted in a different determination, the ALJ's review of the record is accorded deference provided it is supported by

substantial evidence. *Danielle C. v. Kijakazi*, 2022 WL 813874, at *5 (N.D.N.Y. Mar. 17, 2022). "[U]nder the substantial evidence standard of review, it is not enough for Plaintiff to merely disagree with the ALJ's weighing of the evidence or to argue that the evidence in the record could support her position." *M.L.D. by Curry v. Comm'r of Soc. Sec.*, 2017 WL 1512359, at *5 (N.D.N.Y. Apr. 27, 2017). For these reasons, the Court recommends that this ground for relief should be denied.

### B. Evaluation of the Medical Opinions

Because Plaintiff's claim was filed in 2019, new Social Security regulations apply for the consideration of medical opinions. *James W. v. Kijakazi*, 2022 WL 685288, at *3 (N.D.N.Y. Mar. 8, 2022). Under these regulations "no special deference is given to the treating physician's opinion." *Id.* "Although under the new regulations the ALJ is not required to give specific evidentiary weight to a particular medical opinion, he is still required to articulate how he considered the medical opinion, including explaining how he considered the 'supportability' and 'consistency' factors." *Jaleesa H. v. Comm'r of Soc. Sec.*, 580 F. Supp. 3d 1, 8 (W.D.N.Y. 2022). "Both supportability and consistency in part require comparison of the medical opinions with other medical sources." *Mark K. v. Comm'r of Soc. Sec.*, 2021 WL 4220621, at *4 (W.D.N.Y. Sept. 16, 2021) (citing 20 C.F.R. § 404.1520c(c)(1)-(2)). "In assessing a claimant's RFC, an ALJ must consider all of the relevant medical and other evidence." *Mills v. Astrue*, 2012 WL 6681685, at *3 (N.D.N.Y. Dec. 21, 2012) (internal quotations and citations omitted); *see also Knapp v. Apfel*, 11 F. Supp. 2d 235, 238 (N.D.N.Y.

8

1998) ("The RFC is determined by considering all relevant evidence"). The question for the Court is whether the RFC is supported by substantial evidence. *Mills v. Astrue*, 2012 WL 6681685, at *3.

Plaintiff first objects to the ALJ's conclusion that the opinion of Nurse Practitioner Schipper was less persuasive than other opinions in the record. Pl.'s Mem. of Law at pp. 19-21. Schipper had a treating relationship with Plaintiff. Tr. at p. 948. Based on this, Plaintiff maintains that her opinion "should have been found more persuasive." Pl.'s Mem. of Law at p. 19. While conceding that presumptive weight no longer applies to an opinion, Plaintiff nonetheless appears to rely quite heavily on the treating relationship. *Id.* at pp. 19-20. That the ALJ failed to provide significant weight to Schipper's opinion because of that relationship alone is no basis for remand because "the treating physician rule no longer applies." *James W. v. Kijakazi*, 2022 WL 685288, at *3 (citation omitted).[2]

The ALJ discounted the Schipper opinion in part because it was provided in a checkbox form which "set[] forth no basis for the assessed limitations." Tr. at p. 20. A review of the record reveals that this assessment was not inaccurate. *See* Tr. at pp. 948-949. While the use of such a form is not a per se basis for discounting an opinion,

---

[2] The opinion of a Nurse Practitioner was not, in any event, afforded any sort of controlling weight under the treating physician rule. *Price v. Comm'r of Soc. Sec.*, 2021 WL 1222139, at *3 (S.D.N.Y. Mar. 31, 2021 ) (citing *Genier v. Astrue*, 298 F. App'x 105, 108 (2d Cir. 2008)) ("the opinions of nurse practitioners . . . fall outside the ambit of the treating-physician rule).

9

*Colgan v. Kijakazi*, 22 F.4th 353, 361 (2d Cir. 2022), the absence of additional information to explain the limitations noted on the form, may render it of limited value. *Schillo v. Kijakazi*, 31 F.4th 64, 77 (2d Cir. 2022); *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004).

The ALJ also specifically noted that certain opined limitations were not consistent with Schipper's own records. Tr. at p. 20. Even a cursory review of the records from NP Schipper demonstrates that the severe limitations she opines are not consistent with her limited treatment records. *Compare* Tr. at pp. 935-939 *with* Tr. at pp. 948-949. The ALJ's finding in that regard, therefore, was not erroneous. The ALJ also correctly noted that Schipper's opinions were also at least somewhat inconsistent with orthopedic and neurological specialists. *See* Tr. at pp. 20, 556-557, 576-577, 694-697, & 700. These are legitimate considerations for the ALJ to have relied upon in discounting the treating provider's opinion. *Donald A. v. Saul*, 2021 WL 672043, at *5 (W.D.N.Y. Feb. 22, 2021); *O'Connor v. Comm'r of Soc. Sec.*, 2020 WL 3802792, at *3 (W.D.N.Y. July 7, 2020).

Lastly, with respect to NP Schipper, the ALJ chose to afford greater weight to other providers based on their credentials and programmatic knowledge. While Plaintiff objects to this finding, his objection is no basis for remand. State agency consultants are specifically recognized as "highly qualified and experts in Social Security disability evaluation." 20 C.F.R. § 404.1513a(b)(1). Courts have long held that the opinions of these consultants may provide substantial evidence for a finding by the ALJ. *Karleigh*

*J.T. v. Kijakazi*, 2022 WL 539436, at *10 (N.D.N.Y. Feb. 23, 2022) (citing cases); *Tanner v. Comm'r of Soc. Sec.*, 2018 WL 2727872, at *6 (N.D.N.Y. June 5, 2018). The same is true is for consultative examiners. *Dawn P. v. Berryhill*, 2019 WL 1024279, at *7 (N.D.N.Y. Mar. 4, 2019). Nor is Plaintiff correct that the credentials of the state agency consultants are not known from the record. *See* Pl.'s Mem. of Law at p. 20. The record is clear that both state agency review reports given persuasive weight were from medical doctors. Tr. at pp. 83 (Baronos) & 117 (Miller).

Dr. Kautilya Puri provided a consultative examination which the ALJ found persuasive. Tr. at p. 20. Plaintiff objects that the ALJ erred in not noting that Dr. Puri did not have access to records regarding Plaintiff's hereditary neuropathy with pressure palsy. Pl.'s Mem. of Law at p. 21. The nature of a consultative examination is such that the examiner is not required to review prior treatment records. *Jane M. A. v. Comm'r of Soc. Sec.*, 2021 WL 63066, at *6 (W.D.N.Y. Jan. 7, 2021) (citing *Wright v. Berryhill*, 687 F. App'x 45, 48 (2d Cir. 2017)); *see also Thompson v. Berryhill*, 2019 WL 2514831, at *3 (W.D.N.Y. June 18, 2019) (citing 20 C.F.R. § 404.1519n(c)). The ALJ's failure to acknowledge this common fact is no basis for reversal.

Plaintiff also contends that the ALJ "should not have found [Dr. Puri's] opinion to be at all persuasive." Pl.'s Mem. of Law at p. 21. Plaintiff makes a similar argument with respect to Dr. Miller, a state agency consultant, when he contends that Miller's opinion "should have been found more persuasive." *Id.* As Defendant points out, these arguments essentially ask the Court to reweigh the evidence, which this Court declines

11

to do. "Although plaintiff would prefer that the evidence be interpreted in a different manner, it is not the function of this court to reweigh evidence on appeal." *Diane E. C. v. Comm'r of Soc. Sec.*, 2022 WL 7283841, at *6 (N.D.N.Y. May 23, 2022), *report and recommendation adopted*, 2022 WL 4494267 (N.D.N.Y. Sept. 28, 2022).

Finally, Plaintiff objects to the ALJ finding the opinion of Dr. Cummings to have "some persuasive value." Tr. at p. 20; Pl.'s Mem. of Law at pp. 21-22. Defendant concedes that the ALJ should not have relied on any opinion from Dr. Cummings. Def.'s Mem. of Law at p. 18. Here, however, even assuming that the ALJ erred in giving the opinion weight, Plaintiff has not shown prejudice from doing so that would require remand. *Lianna M. D. v. Kijakazi*, 2021 WL 4150102, at *7 (N.D.N.Y. Sept. 13, 2021) ("even if the ALJ's determination was made in error, Plaintiff has not asserted or shown that this error caused any prejudice, and no such prejudice is apparent."). The ALJ found any persuasive value of this opinion to be limited. Tr. at p. 20. Plaintiff bears the burden of establishing prejudice, *Martin v. Astrue*, 2012 WL 4107818, at *16 (N.D.N.Y. Sept. 19, 2012), but identifies no specific prejudice from this conclusion and, in fact, argues only that the ALJ's reliance was "perhaps prejudicial." Pl.'s Mem. of Law at p. 21. Considering that, "Plaintiff has not demonstrated that he was prejudiced by the minimal weight afforded this opinion." *Roth v. Comm'r of Soc. Sec.*, 2012 WL 4480688, at *6 (N.D.N.Y. Sept. 26, 2012).

### C. Evaluation of Plaintiff's Subjective Complaints

Finally, Plaintiff contends that the ALJ misapplied the legal standard for considering Plaintiff's subjective complaints. Pl.'s Mem. of Law at pp. 22-24. The ALJ found that while Plaintiff's medical impairments could be expected to cause some of the symptoms that Plaintiff complained of, Plaintiff's statements were not "entirely consistent" with the medical evidence. Tr. at p. 17. This was error, according to Plaintiff, because there is no authority requiring Plaintiff's subjective complaints to be "entirely consistent" with the evidence in the record. Pl.'s Mem. of Law at p. 23.

The Court recommends that this claim be dismissed as well. Plaintiff's sole argument here is that the ALJ applied an "unreasonable standard" by requiring the Plaintiff to prove that his subjective complaints were entirely consistent with objective medical evidence. *Id.* at pp. 23-24. The record makes clear that the ALJ did not impose such a legal standard. Instead, it is clear that the ALJ's finding that Plaintiff's subjective complaints were not entirely consistent with the evidence "was simply a statement of the ALJ's findings, and was not, as [Plaintiff] contends, an announcement of the standard for evaluating a claimant's testimony." *Matthew J. S. v. Comm'r of Soc. Sec.*, 2022 WL 957974, at *5 n.3 (N.D.N.Y. Mar. 30, 2022). It is the ALJ's duty to evaluate the claimant's subjective complaints of pain or disability considering the overall record. *Mongeur v. Heckler*, 722 F.2d 1033, 1037 (2d Cir. 1983). ALJs have long referred to whether a claimant's subjective complaints were "entirely consistent" with the objective medical evidence. *See, e.g., Faith Grace P. v. Saul*, 2019 WL 4305484, at *6 (N.D.N.Y.

13

Sept. 11, 2019); *McKinstry v. Astrue*, 2012 WL 619112, at *2 (D. Vt. Feb. 23, 2012), *aff'd*, 511 F. App'x 110 (2d Cir. 2013). In doing so, those ALJs were, like ALJ Romeo was here, simply weighing conflicting evidence, which is distinctly the province of the ALJ. *Finn v. Comm'r of Soc. Sec.*, 2022 WL 4245196, at *9 (S.D.N.Y. Sept. 15, 2022). The record is devoid of any suggestion that the ALJ felt that all of Plaintiff's subjective complaints must be fully supported by objective evidence before any of them could be credited. Instead, noting that his complaints were not entirely consistent with the objective evidence was merely a well-recognized qualitative judgment about the state of the evidence.[3]

## IV. CONCLUSION

**ACCORDINGLY**, it is

**RECOMMENDED**, that Plaintiff's Motion for Judgment on the Pleadings be **DENIED**; and it is further

**RECOMMENDED**, that Defendant's Motion for Judgment on the Pleadings be **GRANTED**; and it is further

**RECOMMENDED**, that Defendant's decision denying Plaintiff disability benefits be **AFFIRMED and the COMPLAINT DISMISSED**; and it is

---

[3] Plaintiff makes no factual argument to suggest that the ALJ's conclusion that his symptoms were not entirely consistent with the objective evidence is wrong. Though not necessary to determining the argument made here by Plaintiff, the Court notes that the ALJ's conclusion in that regard is amply supported by the record, as outlined by the ALJ. Tr. at pp. 17-20.

**ORDERED**, that the Clerk of the Court shall serve copies of this Report-Recommendation and Order on the parties.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: January 12, 2023
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge