UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JEREMY B.,

                        Plaintiff,

v.                                                  6:21-CV-0903
                                                          (GTS/DJS)
COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____

APPEARANCES:                                        OF COUNSEL:

OFFICE OF PETER W. ANTONOWICZ         PETER W. ANTONOWICZ, ESQ.
   Counsel for Plaintiff
148 West Dominick Street
Rome, New York 13440

HON. KILOLO KIJAKAZI                         HUGH DUN RAPPAPORT, ESQ.
Acting Comm'r of Social Security Admin.     Special Assistant U.S. Attorney
   Counsel for Defendant
6401 Security Boulevard
Baltimore, Maryland 21235

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this Social Security action filed by Jeremy B. ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. § 405(g), are (1) the Report-Recommendation of United States Magistrate Judge Daniel J. Stewart recommending that Plaintiff's motion for judgment on the pleadings be denied, and that Defendant's motion for judgment on the pleadings be granted, (2) Plaintiff's Objections to the Report and Recommendation, and (3) Defendant's response to Plaintiff's Objections.

1

(Dkt. Nos. 20, 21, 22.)   For the reasons set forth below, the Report and Recommendation is accepted and adopted in its entirety.

I.      RELEVANT BACKGROUND

   A.      Summary of Report-Recommendation

Generally, in his Report-Recommendation, Magistrate Judge Stewart rendered the following three findings of fact and conclusions of law.  (Dkt. No. 20.)   First, Magistrate Judge Stewart found that the ALJ did not either misstate or fail to address aspects of the objective medical evidence, because (a) there is no obligation for the ALJ to discuss every piece of evidence contained in the record, (b) the record relied upon by the ALJ clearly provided substantial evidence for a conclusion that Plaintiff was not suffering from chronic inflammatory demyelinating polyneuropathy (or "CIDP"), (c) the ALJ sufficiently considered medical findings that Plaintiff suffered from carpal tunnel syndrome following surgery aimed at addressing that condition, and (d) the ALJ sufficiently addressed objective medical findings supporting Plaintiff's allegations of back pain.  (*Id*. at 6-9.)

Second, Magistrate Judge Stewart found that the ALJ properly discounted the medical opinion of treating Nurse Practitioner Judith Schipper, because (a) it was provided in a checkbox form which "set[] forth no basis for the assessed limitations," (b) certain of Schipper's own opined limitations were not consistent with Schipper's own record and/or were somewhat inconsistent with the opinions of orthopedic and neurological specialists, and (c) the ALJ properly chose to afford greater weight to other providers based on their credentials and programmatic knowledge.  (*Id*. at 9-12.)   Similarly, Magistrate Judge Stewart found that the ALJ properly considered the opinion of consultative examiner Dr. Kautilya Puri, M.D., because (a) the ALJ did not have to acknowledge the fact that Dr. Puri did not have access to records

regarding Plaintiff's hereditary neuropathy with pressure (given that the nature of a consultative examination is such that the examiner is not required to review prior treatment records), and (b) the ALJ properly found to be persuasive the opinion of Dr. Puri (as he did with regard to the opinion of state agency consultant Dr. Henry Miller, M.D.).  (*Id*. at 12-13.)   Finally, Magistrate Judge Stewart found that the ALJ properly found the opinion of treating provider Dr. Thomas Cummings, M.D., to have "some persuasive value," because (a) the ALJ found any persuasive value of this opinion to be limited, and (b) Plaintiff has not met his burden of demonstrating that he was prejudiced by the minimal weight afforded this opinion.   (*Id*. at 13.)

Third, Magistrate Judge Stewart found that the ALJ properly evaluated Plaintiff's subjective complaints, because the ALJ's finding that Plaintiff's subjective complaints were not entirely consistent with the evidence was simply a statement of the ALJ's findings (after weighing conflicting evidence), and not (as Plaintiff contends) an announcement of the standard for evaluating a claimant's testimony.   (*Id*. at 14-15.)

**B.     Summary of Plaintiff's Objections**

Generally, in his Objections, Plaintiff asserts three arguments.   (Dkt. No. 21.)   First, Plaintiff argues, Magistrate Judge Stewart did not address Plaintiff's argument that the ALJ inaccurately found that Plaintiff had greater limitation in his left hand and arm than in his dominant right hand and arm.   (*Id*. at 1-4.)

Second, Plaintiff argues, Magistrate Judge Stewart inappropriately suggested that the ALJ's finding that Plaintiff suffered from "sciatica/chronic back pain" adequately addressed the more significant findings contained in the MRI reports.   (*Id*. at 1, 4-5.)

Third, Plaintiff argues, Magistrate Judge Stewart ignored Plaintiff's argument that it was improper for the ALJ to accord less persuasiveness to the opinions of Nurse Practitioner

Schipper on the grounds that other sources had "superior" professional credentials. (*Id*. at 1, 5-6.)

### C. Summary of Defendant's Response to Plaintiff's Objections

In response to Plaintiff's Objections, Defendant asserts the following four arguments. (Dkt. No. 22.) First, Defendant argues that, to the extent that Plaintiff's Objections merely repeat arguments made to Magistrate Judge Stewart, the challenged portions of the Report-Recommendation are subject to only a clear-error review, which they easily survive for the reasons stated in the Report-Recommendation. (*Id*. at 1-2.)

Second, Defendant argues that, although Plaintiff cites a new case to support his argument that the ALJ failed to specifically discuss certain portions of the medical record, Judge Stewart explicitly addressed that argument, then properly rejected it by relying on authority for the point of law that "there is no obligation for the ALJ to discuss every piece of evidence contained in the record." (*Id*. at 2.)

Third, Defendant argues that, regardless of the requirements of sedentary work in general, substantial evidence supports the ALJ's assessment of Plaintiff's residual functional capacity ("RFC"), because (a) a vocational expert testified that a person with Plaintiff's background and the assessed RFC could perform hundreds of thousands of jobs, and (b) the ALJ properly relied on that testimony to find that Plaintiff was not disabled. (*Id*. at 2-3.) In any event, Defendant argues that, even if the ALJ erred, any error was plainly harmless, because the ALJ ultimately found that Plaintiff was not disabled on the ground that he could perform, inter alia, 997,000 jobs as a surveillance system monitor (a job in which reaching, handling, fingering, and feeling are not present). (*Id*. at 3.)

Fourth, Defendant argues that, although Plaintiff criticizes the ALJ for "mischaracteriz[ing] the plaintiff's diagnosis as merely 'sciatica/chronic back pain,'" there has been no mischaracterization here, because diagnoses do not establish that the impairments they describe are "severe," let alone demonstrate that they cause any functional limitations beyond those set forth in an RFC finding. (*Id*. at 3.)

## II. APPLICABLE LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific written objections," and must be submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C). "A judge of the court shall make a *de novo* determination of those portions of the [Report and Recommendation] . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(2). "Where, however, an objecting party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Caldwell v. Crosset*, 09-CV-0576, 2010 WL 2346330, at * 1 (N.D.N.Y. June 9, 2010) (quoting *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008)) (internal quotation marks omitted). Additionally, a district court will ordinarily refuse to consider an argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a  district judge will not consider new arguments raised in objections to a magistrate judge's

5

report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp. 2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

### III.   ANALYSIS

After carefully reviewing the relevant findings in this action, including Magistrate Judge Stewart's thorough Report-Recommendation, the Court can find no error in those portions of the Report-Recommendation to which Plaintiff has specifically objected (through arguments that do not repeat arguments previously made to Magistrate Judge Stewart),[1] and no clear error in the remaining portions of the Report-Recommendation: the Court finds that Magistrate Judge Stewart has employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts, for the reasons stated in both the Report-Recommendation and Defendant's response to Plaintiff's Objections.   *See also, supra*, Parts I.A. and I.C. of this Decision and Order.   For all of these reasons, the Court accepts and adopts the Report-Recommendation in its entirety.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 20) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Commissioner's determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

---

[1]   The Court agrees with Defendant that the majority of the arguments asserted in Plaintiff's Objections merely repeat arguments previously made to Magistrate Judge Stewart.   (*Compare* Dkt. No. 21, at 2-6 [Plf.'s Obj. asserting three arguments] *with* Dkt. No. 13, at 12-24 [Plf.'s

Dated: March 7, 2023
       Syracuse, New York

_____
Glenn T. Suddaby
U.S. District Judge

---

Memo. of Law asserting three arguments].)